**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CELESTE DAVID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 13-cv-2508** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Plaintiff Demands Trial by Jury** |
| **CITY COLLEGES OF CHICAGO,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, CELESTE DAVID, by his attorneys LAD LAW GROUP, P.C., and complains as follows against Defendant CITY COLLEGES OF CHICAGO:

## NATURE OF THE ACTION

1. This is a civil action for damages for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et. seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) et. seq., and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d)(1) et. seq.

## PARTIES

2. Plaintiff CELESTE DAVID is a citizen of the United States of America, and a citizen and resident of Chicago, Cook County, Illinois.

1

3.  Defendant CITY COLLEGES OF CHICAGO ("CITY COLLEGES") is organized under the laws of the state of Illinois, with seven community colleges in the state of Illinois, and administrative offices in the Loop of Chicago, County of Cook, Illinois.

4.  At all times relevant hereto the Plaintiff was an "employee" of Defendant CITY COLLEGES as that term is defined in 29 U.S.C. § 630(f), 42 U.S.C. § 2000(e)(f), and 29 U.S.C. §203(e)(1).

5.  At all times relevant hereto the Defendant CITY COLLEGES was an "employer" of the Plaintiff as defined in 29 U.S.C. § 630(b), 42 U.S.C. § 2000(e)(b), and 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

6.  This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331, and §1343.

7.  Pursuant to 28 U.S.C. §1391(b), the Northern District of Illinois is the proper venue for this action because the events giving rise to CELESTE DAVID' claims occurred in this judicial district and all parties reside in this district.

## FACTUAL ALLEGATIONS

8.  Plaintiff is African-American and approximately 51 years of age.

9.  Defendant, CITY COLLEGES, is a system of community colleges for residents in the Chicago area. The administrative district offices for CITY COLLEGES, including the Office of Information Technology ("OIT"), are located on 226 West Jackson Blvd. Chicago, Illinois.

10. Plaintiff began her employment with CITY COLLEGES in approximately 1980. She worked for CITY COLLEGES for approximately thirty-two years. While working for CITY COLLEGES, Plaintiff worked under the title of Manager End-User Services.

11. However, Plaintiff performed job duties under a different position, working mainly with PeopleSoft Security Software.

12. On or about September 23, 2011, Plaintiff complained to her supervisor Craig Lynch, that she was required to complete additional job duties not part of her job description and historically shared by two employees. Plaintiff also requested additional compensation to compensate her for the double workload as other younger, non-African-American, non-female employees in split roles would receive increased wages for additional work.

13. Defendant instructed Plaintiff to complete a Job Analysis Questionnaire ("JAQ") for a pay raise pursuant to company procedure and questioned Plaintiff stating, "aren't you about to retire", indicating that Plaintiff should not be compensated for performing additional duties as did other younger, non-African-American, non-female employees.

14. On or about October 11, 2011, Lynch denied Plaintiff's request for additional wages. At that time, Lynch stated, "you're about to retire", and that her position was not a top priority, again indicating that Plaintiff should not be compensated for performing additional duties as did other younger, non-African-American, non-female employees.

15. Subsequent to the October 11, 2011 meeting, Plaintiff submitted her JAQ to Lynch. The JAQ detailed Plaintiff's job description responsibilities, the additional duties she was given, and Plaintiff's relevant experience.

16. Policy, practice, and procedure of CITY COLLEGES required Lynch to submit Plaintiff's JAQ to the Office of Human Resources for consideration for a pay increase. Lynch never submitted Plaintiff's JAQ to the Office of Human Resources.

17. On or about January 11, 2012, Plaintiff filed an EEO complaint with Defendant CITY COLLEGES Office of Human Resources, alleging age and wage discrimination.

18. On February 3, 2012, Defendant CITY COLLEGES acknowledged receipt of Plaintiff's complaint and was told someone would contact her to schedule an investigatory interview. The Office of Human Resources never contacted the Plaintiff to schedule an interview, and failed to investigate Plaintiff's complaint.

19. On April 20, 2012, Plaintiff sent a letter to Defendant CITY COLLEGES to inquire about the status of her EEO complaint and investigation. Again, Defendant CITY COLLEGES did not respond to Plaintiff. CITY COLLEGES's failure to investigate and failure to response to Plaintiff violated its own EEO policy to investigate such claims within 45 days.

20. On information and belief, Defendant CITY COLLEGES internally transferred Steve Saba, a non African-American male employee under 40 years of age, to take the OIT's help desk lead in addition to his previous duties. Defendant CITY COLLEGES paid the employee $10,000 - $15,000 to compensate him for his additional workload.

21. Plaintiff retired on or about June 30, 2012.

22. Shortly after Plaintiff's retirement, Defendant CITY COLLEGES posted a job position to replace Plaintiff, and perform Plaintiff's former job duties.

23. Shortly after denying Plaintiff compensation for performing additional job duties, Defendant replaced Plaintiff with a younger, non-African-American, non-female

employee, of lesser qualifications and experience, who was paid significantly more than Plaintiff while performing the same duties.

24. As a result of Defendant CITY COLLEGES' discriminatory actions, Plaintiff suffered from lost wages and emotional distress.

25. On or about August 8, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See Exhibit A, attached hereto).

26. On or about January 4, 2013, Plaintiff received a Right to Sue letter from the EEOC. (See Exhibit B, attached hereto).

## COUNT I
## The Age Discrimination in Employment Act, 29 U.S.C. § 623  et seq.

27. Plaintiff repeats and realleges Paragraphs 1-26, as though fully set forth herein, as Paragraphs 1-26 of Count I of this Complaint.

28. Plaintiff is 51 years of age.

29. While working for Defendant, Plaintiff performed satisfactorily, and met her employer's legitimate expectations. She was never written up or counseled regarding her performance.

30. CITY COLLEGES discriminated against Plaintiff in one or more of the following ways:

   a. During the course of Plaintiff's employment, Plaintiff was assigned duties that increased her workload without receiving any raise in salary, in a manner disproportionate to similarly situated, younger employees who took on additional work.

   b. CITY COLLEGES, Craig Lynch failed to submit Plaintiff's JAQ to the Offices of Human Resources for investigation pursuant to company policy

5

    c.  Lynch denied Plaintiff's request for a wage increase.

    d.  After Plaintiff complained of unfair treatment, she was asked about her retirement and told that her position was not a priority, indicating it was not worthy of an increase.

    e.  CITY COLLEGES Offices of Human Resources failed to conduct an investigatory interview or any investigation with regards to Plaintiff's EEO complaint.

    f.  After Plaintiff retired, CITY COLLEGES replaced Plaintiff with a younger employee, and paid the younger employee significantly higher wages than what Plaintiff received in that same or similar position.

31. Similarly situated younger employees were treated more favorably than Plaintiff, as they were not subjected to the treatment outlined in Paragraph 30.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant CITY COLLEGES engaged in discriminatory conduct against Plaintiff under the Age Discrimination in Employment Act, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    A.  That this Honorable Court find that Defendant CITY COLLEGES discriminated against Plaintiff on the basis of her Age;

    B.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by CITY COLLEGES;

    C.  That this Honorable Court award pre-judgment interest and costs;

D.     That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E.     That this Honorable Court award any further relief as it may deem just and equitable.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**RACE DISCRIMINATION**

32. Plaintiff repeats and realleges Paragraphs 1-31, as though fully set forth herein, as Paragraphs 1-31 of Count II of this Complaint.

33. Plaintiff is African-American.

34. While working for Defendant CITY COLLEGES, Plaintiff performed satisfactorily. She was never written up, or counseled regarding her performance.

35. Defendant CITY COLLEGE discriminated against Plaintiff in one or more of the following ways:

   a.   During the course of Plaintiff's employment, Plaintiff was assigned duties that increased her workload without receiving any raise in salary, in a manner disproportionate to similarly situated, non-African-American employees who took on additional work.

   b.   CITY COLLEGES, Craig Lynch failed to submit Plaintiff's JAQ to the Offices of Human Resources for investigation pursuant to company policy

   c.   Lynch denied Plaintiff's request for a wage increase.

   d.   After Plaintiff complained of unfair treatment, she was asked about her retirement and told that her position was not a priority, indicating it was not worthy of an increase.

7

e. CITY COLLEGES Offices of Human Resources failed to conduct an investigatory interview or any investigation with regards to Plaintiff's EEO complaint.

f. After Plaintiff retired, CITY COLLEGES replaced Plaintiff with a non-African-American employee, and paid that employee significantly higher wages than what Plaintiff received in that same or similar position.

36. Similarly situated non-African American employees were not subjected to the treatment outlined in Paragraph 35.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant CITY COLLEGES engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant CITY COLLEGES discriminated against Plaintiff on the basis of her Race;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant CITY COLLEGES;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E. That this Honorable Court award any further relief as it may deem just and equitable.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## GENDER DISCRIMINATION

8

37. Plaintiff repeats and realleges Paragraphs 1-36, as though fully set forth herein, as Paragraphs 1-36 of Count III of this Complaint.

38. Plaintiff is female.

39. While working for Defendant CITY COLLEGES, Plaintiff performed satisfactorily. She was never written up, or counseled regarding her performance.

40. Defendant CITY COLLEGE discriminated against Plaintiff in one or more of the following ways:

   a. During the course of Plaintiff's employment, Plaintiff was assigned duties that increased her workload without receiving any raise in salary, in a manner disproportionate to similarly situated, non-female employees who took on additional work.

   b. CITY COLLEGES, Craig Lynch failed to submit Plaintiff's JAQ to the Offices of Human Resources for investigation pursuant to company policy

   c. Lynch denied Plaintiff's request for a wage increase.

   d. After Plaintiff complained of unfair treatment, she was asked about her retirement and told that her position was not a priority, indicating it was not worthy of an increase.

   e. CITY COLLEGES Offices of Human Resources failed to conduct an investigatory interview or any investigation with regards to Plaintiff's EEO complaint.

   f. After Plaintiff retired, CITY COLLEGES replaced Plaintiff with a non-female employee, and paid the non-female employee significantly higher wages than what Plaintiff received in that same or similar position.

9

41. Similarly situated male employees were not subjected to the treatment outlined in

Paragraph 40.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant

CITY COLLEGES engaged in discriminatory conduct against Plaintiff, and enter a judgment

in favor of Plaintiff, making the following findings and granting the following relief:

A.      That this Honorable Court find that Defendant CITY COLLEGES discriminated

against Plaintiff on the basis of her gender;

B.      That this Honorable Court award Plaintiff money reasonably calculated to

compensate her lost wages, and for all monetary damages sustained as a result of

the discrimination by Defendant CITY COLLEGES;

C.      That this Honorable Court award pre-judgment interest and costs;

D.      That this Honorable Court award reasonable attorney's fees and costs pursuant to

42 U.S.C. §1988; and

E.      That this Honorable Court award any further relief as it may deem just and

equitable.

## COUNT IV
## THE EQUAL PAY ACT OF 1963
## WAGE DISCRIMINATION

42. Plaintiff repeats and realleges Paragraphs 1-41, as though fully set forth herein, as

Paragraphs 1-41 of Count III of this Complaint.

43. Plaintiff is female.

44. While working for Defendant CITY COLLEGES, Plaintiff performed satisfactorily. She

was never written up, or counseled regarding her performance.

45. Defendant CITY COLLEGE discriminated against Plaintiff in one or more of the following ways:

  a. During the course of Plaintiff's employment, Plaintiff was assigned duties that increased her workload without receiving any raise in salary, in a manner disproportionate to similarly situated, non-female employees who took on additional work.

  b. CITY COLLEGES, Craig Lynch failed to submit Plaintiff's JAQ to the Offices of Human Resources for investigation pursuant to company policy

  c. Lynch denied Plaintiff's request for a wage increase.

  d. After Plaintiff complained of unfair treatment, she was asked about her retirement and told that her position was not a priority, indicating it was not worthy of an increase.

  e. CITY COLLEGES Offices of Human Resources failed to conduct an investigatory interview or any investigation with regards to Plaintiff's EEO complaint.

  f. After Plaintiff retired, CITY COLLEGES replaced Plaintiff with a non-female employee, and paid the non-female employee significantly higher wages than what Plaintiff received in that same or similar position.

46. Similarly situated male employees were not subjected to the treatment outlined in Paragraph 44.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant CITY COLLEGES engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

11

A.      That this Honorable Court find that Defendant CITY COLLEGES discriminated against Plaintiff on the basis of her gender;

B.      That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant CITY COLLEGES;

C.      That this Honorable Court award pre-judgment interest and costs;

D.      That this Honorable Court award reasonable attorney's fees and costs pursuant to 29 U.S.C. §216; and

E.      That this Honorable Court award any further relief as it may deem just and equitable.

Respectfully submitted,

By: /s/ Jemelle D. Cunningham
Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
401 South LaSalle Street, Suite 800-C
Chicago, Illinois 60605
(312) 252-3085